*493 OPINION of the Court, by
Ch. J. Bov IE.
— This was an ejectment, fhe plaintiffs in the action are heirs at law to William Preston, deceased, and claim *494 the land in controversy under a patent by which there was granted to him 1000 acres of land. The patent) describes the survey as “ beginning at an ash, in the middle of a line of Glenn’s land, and with it north twenty degrees east eight hundred poles, crossing three branches, to a hoop-wood and sugar tree, corner to Muffit’s land, and with a line thereof north seventy-degrees west, one hundred poles, crossing the creek to a sugar tree, south thirty-three degrees west eight hupdred and twenty poles, crossing three forks of the creek to two sugar trees, south seventy degrees, east three hundred poles to the beginning.” The beginning and second corners mentioned in the patent are agreed by the parties, but there are no other corners of the survey found existing on the ground, aor are there any lines of the survey visible, except the one which connects, the two corners extant and Moffit’s line, which extends from the second corner, and is a line, of a larger adjoining survey.
When thefe are extinct or can no longer be proved, then courses and dif-tances are to be ssiorted to.
A miftake in the diftance of ⅜>!'⅞ line deiion,. {hated by the marks found the land, ssifcct the opposite correí fZnvkig Kne
smilake in one eourje is no prelumptfoa oi a miftake in ;»ny other iowje.
When a party Is plaintiff or complainant claimmg under « iyi’iey where she a-urje or the chftanct muii yield, without tfata to determine whether the miftáfcé ⅛ [t)e oM was committed in the one oc the other, that of ck>-Idopt-ed which ope-un* |veorabl)' pJ¡ claiiaing under
*494 The course of the line which connects the two corners that are extant, varies several degrees north from the course of the corresponding lice of the patent, and its length is 968 poles, which is an excess of 163 poles above the.distance called for. The course of Moffit’s line varies also something from the course as described in the patent. The land in controversy lies between a line drawn in the course of the patent from the termination of 100 poles on Moffit’s line, till it intersects with a line extended from the beginning corner, and a line drawn from the same point on Mof-fit’s line, to a point where 300 poles would terminate on the course of the line from the beginning corner. To make the survey close, by running the course of the patent from the termination of 100 poles on Mof-fit’s line, would require the line from the beginning corner to extend 381 1-4 poles in length, being 81 1-4 poles beyond the distance described in the patent for that line. And to make the survey dose, by running a line from the same point on Moffit’s line, so as to intersect the line from the beginning corner, at. the end of three hundred poles, would require the course of the Hue from Moffit’s to vary several degrees from the course of the patent.
t¡ ⅛ plaintiff ought not. t0 prevail ^ofseiT doubtful claim Jpmft a cleM "⅛⅛⅜ ¿/_ lend ant in a CRUrt of law or
<jf-a grant depart, ei from ,ani “athe^iftánce called for.
On case agreed, compr Ae cause was submitted to the circuit court to deter-saíne how the last line and corners should be ascertained. That court was of opinion, that a line drawn from the termination of 100 poles on Mo flit’s line, so sing Ae foregoing facts, as to intersect with a line from the beginning corner at the termination of three hundred poles, would, when connected with the lines extant, give the true boundary df the survey, and Ae defendants not being ia possession of any land in those boundaries, gave judgment for them: from which the plaintiffs ed to this court.
Where the lines and corners of a survey are found actually marked upon the ground, although they may vary from the courses and distances described in the patent, yet if sufficiently identified they constitute the true boundaries of the land appropriated by the patent: and although they may have been defaced or destroyed oy design or accident, it their true position can be ascertained by oral testimony, the courses and distances must yield to them ; but notwithstanding the marked boundaries while extant, or their true po-sitian, if ascertainable by witnesses, must control the courses and distances ; yet when they become extinct, and their position is no longer capable of proof by other means, the courses and distances become the only guides. In such a case the aid of both is necessary, for neither course without distance, nor distance without course, will lead to any definite object. When there is no conftictioa between course and distance, there is no difficulty in the case. We must pursue them whithersoever they conduct, and stop wherever they direct, without departing from either. Where the survey has been accurately made, and but one corner can be found, no repugnance can exist between the courses and distances in directing us to the true position of the last lines and. corners ; and neither course nor distance will he required to yield to the other in order to make the survey close. The result will be the same where two or more of the lines and corners are extant, and the others missing,, if those that are found do not vary from the courses, and distances of the corresponding lines and corners of the patent* But in such a case, if the lines and corners which are *496 found, vary in length or course from the length or course of the corresponding lines and corners of the patent; in ascertaing the position of the last lines and corners, it will be necessary to vary either the course of some of them, or the distance of others, in order to make the survey close. In a case of this kind, it becomes a matter of importance to determine whether the course or the distance is to yield. The case before the court is of this description ; the two lines which are extant, vary from the courses of the grant and the one connecting the two corners from its proper length. The error in the length of the line connecting the two corners extant, must be presumed to have-happened by mistake ; and as was adjudged in the case of Beckly, vs. Bryan & Ransdal, (Pr. Dec. 107.) can affect only the length of the line opposite to it, but can furnish no ground for presuming a mistake in the length of the other lines of the survey. To lengthen however the line opposite to the one connecting the two corners extant, will not materially affect the present controversy, nor will the survey by that means alone be made to close. To make the survey close, that line must either depart irons its course, or one or both of the other lines must depart from their distances.
Whether the former should depart from its course, or the latter from their distances, is the main question which this case presents. It is evident, as the mistake in the length of the line connecting the two corners extant, can only affect the length of the opposite line, that the facts agreed in this case furnish no data to presume a mistake in the length of the two other lines, unless it be inferable from the mistake which is found to exist in the courses of the lines extant. That such an inference is deducible from such premises cannot be admitted. Neither the instrument with which the courses are ascertained, nor the agent who performs the operation, is the same with those employed in the ascertainment of the distances. Upon what principles then of fair argument can it be inferred because one line of a survey is found to vary from its true course, that there is a mistake in the distances of the others Í If the compass be not regularly graduated, or be otherwise defective, does it follow that the chain is to» *497 short or too long? Or if the surveyor has mistaken t ie degrees of a line from the cardinal points, is it a» nv argument to prove that the chaintnen have been mistaken in the mensuration of the other lines. Such effects can never flow from such causes, and to argue that they could, would be a total perversion of every1 principle of reason.
On the other hand, it must be admitted that a mistake in the course of the last tines does not necessarily follow from the existence of a mistake in the course of the lines that are extant : for-mistakes do not happen ■ vstematically according to rule. It is therefore only from necessity, nt res magis valeat qnam pereat, that a presumption of a mistake either of course or distance can or ought to be indulged. But necessity, which is a law for itself, and acts by its own force, can operate upon course with as much ease as upon distance ; and where there are no data upon which a presumption can be founded, of a mistake of the one sort rather than the other, we ought, upon the clearest principles of reason as well as law, to prefer that which operates against those claiming under the survey. In sucha case, to presume a mistake in distance rather than course, wouldabe perfectly arbitrary, and no man ought to be permited to extend the boundaries of his land upon such a principle. Beyond the patent distances his title cannot be certain even to a common intent.
And a title founded upon a doubtful hypothesis ought not to succeed against the possession alone, where the party claiming under the doubtful title is plaintiff, nor ought it to succeed against a clear title in another, whether the party claiming under it is plaintiff or defendant, or whether the controversy is before a court of law or of equity. For in no court, nor in no situation, ought a doubtful title to prevail against a dear one.
There are however circumstances in this case, upon which we think the presumption of a mistake in the course of the line opposite to tile one connecting the two corners extant, ought to be preferred to the presumption of a mistake in the distances of the two others. The necessity of presuming a mistake in either, is obviously produced in a great measure by the mistake which is found to exist in the courses of the *498 lines extant. As therefore, when the necessity of presuming a mistake of distance in some, or of course in others of the lost lines, is produced by the mistake which is found in the length of the lines extant, we adopt the presumption of a mistake in distance rather than in course ; so by a parity of reason when the same necessity is produced by the existence of a mistake in the course of the lines extant, it Would seem proper to presume a mistake in the course rather than in the distance of the lost lines. In this way the necessity of presuming a mistake of either course or distance, will be made to operate according to the cause which produced it,
The presumption of a mistake in the course of the one line, rather than of distance in the others, is in this case in no inconsiderable degree fortified by the consideration, that the figure of the survey will thus be preserved, as nearly as the courses and distance of the line extant will permit, whereas if the survey should be made to close by presuming a mistake in the distance of the others, the figure will in a great measure be destroyed. And although it is no direct argument in favor of this mode of closing the survey, it is nevertheless worthy of remark, that the survey will then contain a surplus of more than two hundred acres. The operation of the rule therefore we have adopted, cannot ⅛ this instance be complained of as unjust.
But it was contended in the argument, that the case Beckly vs. Bryan and Ransdal, established the point that a lost line was in no case to depart from its course. We are by no means disposed to derogate from the authority of that case as a precedent; it was the first and must always remain a leading one in this country, upon the subject of the mode of ascertaining lost lines and corners. The opinion then delivered, contains indeed a most admirable outline of the general doctrines upon this point; but some of its expressions, when taken in the abstract, and unconnected with the context and the case before the court, are certainly liable to be misapprehended, and the expressions principally relied on by the counsel to establish their position, seem to be of this description. To understand those expressions correctly, it is proper to have reference to the case as it ap > peared to the court. In that case a base Mae was *499 round connecting two corners which were extant, and another line extending from one of those corners, which was a line of a larger adjoining survey, hut upon which no corner was found. The base line was longer than the corresponding line of the patent, but it was not supposed by the court, as is evident from the whole context of their opinion, to vary from its proper course. To make the survey close therefore, the line opposite to the base line must be extended beyond its given length, or the other Lost line must vary from its course. The court decided that the line opposite to the base line should be extended.
Acting as the court did, under an idea that there was no mistake in the course of the base line, the decision was most indubitably correct ; and considered With reference to such a case, the expressions in the opinion there delivered, which were relied' on in tfe case, are perfectly consistent with the doctrine we have attempted to establish. But if those expressions are correctly interpreted in the latitude contended for, then it is evident that the rule laid down in that opinion is broader and more extensive than the state of facts in the case required, and that it ought not to operate upon a case like the present, which from- the circumstance of a mistake in the courses of the lines extant, is essentially different.
In that case it was necessary that distance should yield to course, for the purpose of preserving the shape and figure of the survey, and in this case it is necessary for the same reason that course should yield to distance.
The same principle therefore, which required the rule to be applied to the former, prohibits its application to the latter case.
We are therefore of opinion that the decision of the circuit court is correct, and t their judgment must be affirmed.